IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Charles J. Bridges, | ) | Civil Action No. 5:18-3132-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Captain Sherille Wells, David Philbeck, Sherriff Steve Mueller, Major Stephen Anderson, and Sergeant Dustin Ricci, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 38) recommending that this action be dismissed. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses Plaintiff's claim with prejudice.

I. **Background**

Plaintiff is an incarcerated person proceeding *pro se* to allege that Defendants violated his civil rights under 42 U.S.C. § 1983 by imposing excessive bails and fines, choking him, and taking him to "c-max," in violation of the Eighth Amendment. Plaintiff seeks $50,000 in damages for resulting physical injury. (Dkt. No. 1 at 5-6.)

II. **Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.

R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### III. Discussion

The Magistrate Judge ably addressed the issues and correctly concluded that this case should be dismissed. Plaintiff filed no objection to the R & R.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Plaintiff has filed no response in opposition to Defendants' motion for summary judgment and did not respond to the Magistrate Judge's order directing him to advise whether he wishes to continue with this case. This lack of response indicates Plaintiff's intention not to continue prosecuting his claims. The action is, therefore, subject to dismissal pursuant to Rule 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (district court's dismissal following failure to respond to a specific directive is not abuse of discretion).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 38) as the order of the Court and **DISMISSES WITH PREJUDICE** Plaintiff's claim.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 3 7, 2019
Charleston, South Carolina